```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MAURICE THOMAS,

                    Plaintiff,
                                            MEMORANDUM AND ORDER
          -against-                         19-CV-6567(JS)(SIL)

SEAN FITZPATRICK, Badge #1813;
JOHN DOE (1) Yaphank SERT Officer;
JOHN DOE (2) Yaphank SERT Officer;
ERROL D. TOULON, JR., Sheriff;

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Maurice Thomas, pro se
                    17-R-1145
                    Willard Drug Treatment Campus
                    7116 County Road 132
                    P.O. Box 303
                    Willard, New York 14588

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On November 18, 2019, incarcerated pro se plaintiff Maurice Thomas ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Suffolk County Sheriff Errol D. Toulon, Jr. ("Sheriff Toulon"), Suffolk County Corrections Officer Sean Fitzpatrick, Badge #1813 ("C.O. Fitzpatrick"), and two unidentified Suffolk County corrections officers named as John Does 1 and 2 ("John Does" and collectively, "Defendants"). (Compl., D.E. 1.) Plaintiff filed an application to proceed in forma pauperis with the Complaint. (See IFP Mot., Docket Entry 2.)

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court GRANTS Plaintiff's request to proceed in forma pauperis. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE as against Sheriff Toulon pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) and Plaintiff's remaining claims against the other Defendants shall proceed.

BACKGROUND[1]

Plaintiff's brief handwritten Complaint is submitted on the Court's Section 1983 complaint form. In its entirety, Plaintiff alleges that, on August 12, 2019 from 2:00 p.m. to 2:40 p.m. at the Yaphank Correctional Facility:[2]

> Sean Fitzpatrick told me he like to see me sweat I finish washing my hands then I walked off. At 2:10 p.m. Sean Fitzpatrick came back up to me and told me to lay down on y bunk with my ass in the air. He walked towards me. I asked him is he trying to touch me and he called over his radio that I'm trying to threaten him. Sean Fitzpatrick threw out my Bible and pinned me against the wall and when SERT officers came in and banged my head against the wall. They cuffed me and walked me to booking twisting my wrist and bending my

---

[1] All material allegations in the Complaint are presumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

>           fingers.  When we got to booking they put me
>           in holding cell 3 and beat me up.  Continuing
>           to punch and slap me.  They continued to twist
>           my wrist with the cuffs on and they ripped out
>           two of my dreads.  My wrist and three fingers
>           (thumb, pointer finger, middle finger) on my
>           rights hand is still numb and still have
>           excruciating pain in my right wrist and hand
>           from the incident on August 12 2019.  I
>           believe that I have nerve damage in my right
>           had.  I went to medical in the Riverhead Jail
>           where I'm being housed and medical didn't do
>           anything.

(Compl. at 4-5.)  In the space on the form Complaint that calls for a description of any claimed injuries, Plaintiff alleges that "swollen wrist left thumb numb right thumb can't bend.  Right wrist cut up from handcuffs.  Right index finger and middle finger numb.  Go my dreads ripped out my head.  I never received any medical treatment after."  (Compl. ¶ II.A.)  As a result of the foregoing, Plaintiff seeks to recover a damages award in the sum of two million dollars.  (Compl. at III.)

DISCUSSION

I.   In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to

3

dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b); Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under §§ 1915, 1915A, sua sponte dismissals of frivolous prisoner complaints are not only permitted but mandatory).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required,

4

"[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. Cnty. of Suffolk, No. 07-CV-2138, 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

A. Claims against Sheriff Toulon

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits,

5

a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676, 129 S. Ct. at 1948. A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although Plaintiff names Sheriff Toulon as a defendant in the caption of the Complaint, he is not again mentioned in the body of the Complaint. Wholly absent are any factual allegations of conduct or inaction attributable to Sheriff Toulon. Because the Complaint is devoid of any allegations sufficient to establish any personal involvement by Sheriff Toulon in the conduct of which Plaintiff complains, Plaintiff's Section 1983 claims against Sheriff Toulon are not plausible and are thus DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

B. Claims Against the Remaining Defendants

Though thin, the Court declines to sua sponte dismiss Plaintiff's remaining claims at this early stage in the proceedings. Although the Court would ordinarily order service of the Summonses and Complaint by the United States Marshal Service ("USMS"), given the national emergency caused by the COVID-19 virus, the Court requests that the Suffolk County Attorney accept

6

service of the Complaint on behalf of C.O. Fitzpatrick. With regard to the remaining, unidentified individual defendants, service of the Complaint cannot be effected without more information. The Second Circuit has held that district courts must provide pro se litigants with reasonable assistance in investigating the identity of such "John Doe" defendants. See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997). Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Suffolk County Attorney. The Suffolk County Attorney is requested to attempt to ascertain the full names of the unidentified Defendants, who are alleged to be employed at the Yaphank location of the Suffolk County Correctional Facility and to have interacted with Plaintiff on August 12, 2019 as described in the Complaint. Within sixty (60) days of the date that this Order is served upon it, the the Suffolk County Attorney shall provide the Court and Plaintiff with the names of these individuals and shall apprise the Court whether, in light of the national emergency caused by the COVID-19 virus, it will accept service of the Complaint on behalf of these individuals.

     Once the information is provided to the Court by the Suffolk County Attorney, Plaintiff's Complaint shall be deemed amended to reflect the full names of these Defendants. The Suffolk County Attorney need not undertake to defend or indemnify these

7

individuals at this juncture. This Order merely provides a means by which Plaintiff may properly name and serve these Defendants as instructed by the Second Circuit in Valentin.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however Plaintiff's claims against Sheriff Toulon are sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A (b)(1). Plaintiff's remaining claims shall proceed and the Clerk of the Court shall serve a copy of the Complaint together with this Order on the Suffolk County Attorney. The Court requests that, given the national emergency caused by the COVID-19 virus, the Suffolk County Attorney accept service on behalf of C.O. Fitzpatrick.

The Suffolk County Attorney is also requested to attempt to ascertain the full names of the unidentified Defendants, who are alleged to be employed at the Yaphank location of the Suffolk County Correctional Facility and to have interacted with Plaintiff on August 12, 2019 as described in the Complaint. The Suffolk County Attorney shall provide the Court and Plaintiff with the names of these individuals within sixty (60) days of the date that this Order is served upon it and shall also advise whether, given the national emergency caused by the COVID-19 virus, it will accept service on their behalf. Once the information is provided to the Court by the Suffolk County Attorney, Plaintiff's Complaint shall

be deemed amended to reflect the full names of these Defendants.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff.

                                              SO ORDERED.

                                     /s/ JOANNA SEYBERT   
                                     JOANNA SEYBERT, U.S.D.J.

Dated: April 20, 2020
       Central Islip, New York