UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MAURICE THOMAS,

                Plaintiff,

-against-

SEAN FITZPATRICK, CHRISTIAN
CAMPFIELD, and VICTOR BERKOWITZ,

                Defendants.
----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
19-cv-6567 (JS)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

This matter is before the Court to manage discovery. For the reasons set forth herein, the Court respectfully recommends that this action be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").[1]

## I. BACKGROUND

By way of Complaint dated November 18, 2019, *pro se* Plaintiff Maurice Thomas ("Plaintiff" or "Thomas") commenced this action against Sean FitzPatrick, Christian Campfield, and Victor Berkowitz (together "Defendants") alleging violations of his constitutional rights. *See* Docket Entry ("DE") [1]. Plaintiff filed a motion for leave to proceed in forma pauperis, which was granted by Judge Seybert on April 20, 2020. *See* DE [12]. The Court mailed a copy of this Memorandum & Order to Thomas that same day, but it was returned as undeliverable on May 4, 2020. *See* DE [16].

---

[1] In issuing this Report and Recommendation, the Court notes that Defendants filed a motion to dismiss for failure to prosecute that is presently pending. *See* DE [23].

On June 11, 2020, this Court held an initial conference, but Plaintiff failed to appear. *See* DE [24]. The Court adjourned the conference to July 1, 2020 and warned Thomas that "repeated failures to appear may result in a Recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41." DE [24]. Plaintiff failed to appear for the July 1, 2020 initial conference as well. *See* DE [26]. The Court issued its second warning to Thomas about his repeated failures to appear. *See id*. The Court's Orders from each conference were mailed to Plaintiff at the address that he had provided to the Court but were also returned as undeliverable. *See* DEs [25] & [27]. Despite the Court's repeated warnings, Thomas failed for a third time to appear for the initial conference on July 28, 2020. *See* DE [28]. The Court has not received any correspondence from Plaintiff nor had any communication with him since February 7, 2020, when he requested an update on his case. *See* DE [10]. Accordingly, the Court now recommends that his claims be dismissed with prejudice.

## II. LEGAL STANDARD

Rule 41(b) authorizes the district court to dismiss a complaint "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b); s*ee LeSane v. Hall's Sec. Analyst. Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."). In considering whether dismissal for failure to prosecute is proper, courts consider the following factors:

> (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in

    dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less dramatic than dismissal.

*Green v. Rodgers*, 15-cv-2260, 2017 WL 1208746, at \*6 (E.D.N.Y. Mar. 15, 2017) (citing *Davis v. Town of Hempstead*, 597 F. App'x. 31, 32 (2d Cir. 2015)), *report and recommendation adopted*, 2017 WL 1216524 (E.D.N.Y. Mar. 31, 2017); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). In conducting the analysis under Rule 41(b), "no one factor is dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Moreover, a court is not required to discuss each factor at length so long as an explanation for dismissal is given. *See Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *see also Baptiste*, 768 F.3d at 217 (observing that district courts are not expected to "make exhaustive factual findings or to utter . . . robotic incantations") (internal quotation marks and citation omitted). Ultimately, whether to dismiss a case for failure to prosecute lies within the court's discretion. *U.S. ex rel. Reliable Constr. PM, Inc. v. Land Frog, Inc.*, No. 13-cv-7351, 2015 WL 740034, at \*2 (E.D.N.Y. Feb. 20, 2015) (citation omitted).

## III. DISCUSSION

    Applying the standards described above, the Court respectfully recommends dismissal of this matter pursuant to Rule 41(b) for Plaintiff's failure to prosecute. The Court has not heard from Thomas since February 7, 2020. *See* DE [10]. As detailed above, Plaintiff has failed to appear for conferences on three occasions despite repeated warnings that his continued absence would result in the dismissal

3

of his case. Under these circumstances, it appears that Thomas is not pursuing this action further, and there is no less dramatic sanction that is appropriate. Accordingly, after considering the above factors, the Court respectfully recommends that this case be dismissed pursuant to Rule 41(b).

## IV.  CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Plaintiff's claims be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## V.  OBJECTIONS

A copy of this Report and Recommendation is being served on Defendants by electronic filing on the date below. Defendants are directed to serve a copy on Plaintiff within three days of the date below and promptly file proof of service via ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within this specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Wolvier*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.2d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
       July 29, 2020

                                            s/ Steven I. Locke
                                            STEVEN I. LOCKE
                                            United States Magistrate Judge